X-CEL DAIRY, INC., APPELLANT, *v.* CITY OF AKRON, APPELLEE.

(Decided October 9, 1939.)

*Messrs. Rockwell, Grant, Doolittle, Thomas &*
*Buckingham,* for appellant.
*Mr. Wade DeWoody,* director of law, and *Mr. Nathan*
*Koplin,* for appellee.

STEVENS, J. This case is before this court as an
appeal on questions of law. It concerns an attack
upon the validity of a municipal ordinance prohibiting
the sale of ice cream from any wagon, pushcart, or
other vehicle, upon the public streets of the city of
Akron.

The petition is in the form of a petition for a declara-
tory judgment. The trial court, after hearing upon
the merits, vacated the interlocutory order of injunc-
tion theretofore issued by it and dismissed the plain-
tiff's petition.

The record in the case contains no testimony, and
incorporates only the very brief, and in some instances
doubtful, admissions of counsel for the respective
parties.

It is claimed by the plaintiff, appellant here, that
the enforcement of the ordinance in question would
accomplish an arbitrary and discriminatory classifica-
tion, in that it forbids the use of the streets for the
purpose of selling ice cream from vehicles, while at
the same time it permits a like use to vendors of other
articles.

The purpose of the council in the passage of the
ordinance is asserted to have been the regulation of
the streets, by the elimination of traffic hazards in-
cident to citizens, especially children, rushing into the
streets to purchase the ice cream offered for sale by
plaintiff and others.

It is contended by plaintiff that like hazards pertain
from the sale of other articles from vehicles in the
streets, and that the singling out of ice cream vendors
amounts to an unjust and unreasonably discriminatory
classification.

The record is entirely silent as to the existence of hazards incident to the sale, from vehicles in the public streets, of articles other than ice cream, and this court cannot take judicial notice of the existence of such other hazards.

Mr. Justice Holmes, in *Central Lumber Co.* v. *State of South Dakota,* 226 U. S., 157, 57 L. Ed., 164, 33 S. Ct., 66, stated:

"* * * the Legislature * * * may direct its law against what it deems the evil as it actually exists without covering the whole field of possible abuses, and it may do so none the less that the forbidden act does not differ in kind from those that are allowed."

The rule so announced has been stated and followed by the Supreme Court of Ohio, as indicated in the opinion of the trial court.

After an examination of the claims made by counsel for the respective parties, this court, for the reasons set forth and upon the authorities cited in the finding of the trial court, and upon other authorities examined by us, vacates and sets aside the temporary restraining order heretofore issued by this court, and affirms the judgment of the trial court.

*Judgment affirmed.*

WASHBURN, P. J., and DOYLE, J., concur.